IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–01218–CMA–KMT

MCKINLEY MEDICAL, LLC, a Colorado limited liability company,
THE BROE COMPANIES, INC., a Colorado corporation, and
PAT BROE, individually,

    Plaintiffs,

v.

MEDMARC CASUALTY INSURANCE COMPANY, a Vermont company,

    Defendant.

MEDMARC CASUALTY INSURANCE COMPANY,

    Third-Party Plaintiff,

v.

DJ ORTHOPEDICS, LLC, DJO, LLC, a Delaware limited liability company,

    Third-Party Defendants.

## ORDER

This matter is before the court on McKinley Medical LLC's ("McKinley"), the Broe Companies and Pat Broe's "Plaintiffs' Motion for Protective Order" [Doc. No. 62] ("Mot.") filed November 3, 2011, in which Third-Party Defendant DJ Orthopedics, LLC ("DJO") joined. *See* "Third-Party Defendants' Memorandum in Support of Plaintiffs' Motion for Protective Order" [Doc. No. 66] filed November 15, 2011 ("DJO Joinder"). The Defendant and Third-Party

Plaintiff Medmarc Casualty Insurance Company ("Medmarc") filed "Defendant/Third-Party Plaintiff's Opposition to Plaintiffs' Motion for Protective Order" [Doc. No. 67] ("Resp.") on November 28, 2011 and McKinley and the other plaintiffs filed a Reply on December 12, 2011 ("Reply") [Doc. No. 68]. DJO filed a separate Reply on December 12, 2011 [Doc. No. 69]. This matter was set for oral argument on February 14, 2011; however, after reviewing the submissions of the parties, the court finds oral argument to be unnecessary.

Plaintiffs and DJO are involved as defendants in a number of nation-wide mass tort actions wherein various plaintiffs are suing McKinley and DJO for injuries allegedly caused by pain pumps manufactured and distributed by McKinley and DJO. (Reply at ¶ 3.) Medmarc is Plaintiffs' insurance carrier in the underlying pain pump litigation. In this action, Plaintiffs have sued Medmarc alleging unnecessary and improper depleting of McKinley's policy limits in bad faith by, among other things, expending funds for the benefit of those not entitled to indemnification under the policy. *Id*. The parties agree to the propriety of a protective order to shield sensitive, confidential documents; however, they disagree about one provision of the proposed Protective Order. Plaintiffs wish to disclose confidential information produced by Medmarc to counsel representing McKinley and DJO in the underlying personal injury pain pump litigation cases. Plaintiffs propose the following language be included in paragraph 4(A) of the protective order:

> A. Confidential documents may be disclosed only to the parties to this action; counsel of record for the parties in this action for declaratory relief, and National Counsel for DJO and McKinley in the Pain Pump Litigation; to the partners, associates, secretaries, paralegals, assistants, and employees of such counsel of

>   record *and National Counsel* to the extent reasonably necessary to render
>   professional services in this litigation;

Mot., Ex. G. (emphasis added).  Medmarc objects only to the italicized portion of the paragraph authorizing disclosure of confidential material to attorneys who are not of record in this case.

Plaintiffs argue that confidential disclosure to its pain pump litigation counsel would facilitate the evaluation of confidential documents produced by Medmarc, including whether the documents labeled as confidential are actually confidential.  Mot. at ¶15; DJO Joinder at 2.  Further, Plaintiffs argue that disclosure is necessary for continuity of its position in all cases.  Reply at ¶ 13.

The scope of discovery in a civil action is governed by Rule 26(b)(1), which provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."  Fed. R. Civ. P. 26(b)(1).  Note 2 of the Advisory Committee's Notes to the 2000 amendments to that Rule makes it clear that the scope of discovery is restrictive, stating, "(t)he Committee intends that the parties and the court focus on *the actual claims and defenses involved in the action* . . . .  The rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings . . . ."  2000 Advisory Committee's Notes to Fed. R. Civ. P. 26 (emphasis added).

Plaintiffs somewhat perversely argue that Medmarc's objection to inclusion of Plaintiffs' 'national counsel' in other cases as authorized recipients of Medmarc's confidential material is an exception to the standard rule concerning protective orders.  It is patently obvious, however, that the request to distribute a party's confidential material to persons outside the litigation

within which the documents are produced, is the exception.  In fact, even Plaintiffs' own version of paragraph 4 of the proposed protective order states that disclosure is confined "to the extent reasonably necessary to render professional services in <u>this</u> litigation."  Mot., Ex. G (emphasis added).

First, Defendant's confidential information is not in any way relevant to the defense of McKinley and DJO against the pain pump plaintiffs in the underlying litigation.  For instance, what possible relevance, as defined by Rule 26, does Medmarc's underwriting manual have in a litigation concerning whether the Plaintiffs' pain pump caused damage to an ultimate user?  The court cannot fathom how Medmarc's confidential business and underwriting documents would "diminish McKinley's liability to injured plaintiffs."  Reply at ¶13(5).

Second, the protective order in this case would have no effect whatsoever on McKinley's and DJO's counsel's ability to view confidential documents produced in the underlying pain pump litigations; protective orders in those cases would control the flow of discovery in that direction.  It is in this form of disclosure that Plaintiffs' counsel could determine "which documents have already been disclosed; which cases have protective orders; the requirements of those protective orders; [and] which documents are subject to those orders."  Reply at ¶13 (1-4).[1]

---

[1] To the extent the insurer in the underlying pain pump litigations is privy to protected material through those cases, Plaintiffs' counsel in this case should not be allowed to receive information or materials from Medmarc that it could not legitimately receive directly from McKinley's pain pump counsel.

Therefore, the court finds that the protective order in this case should not include language allowing dissemination of Medmarc's confidential information[2] to unnamed and unspecified counsel in other cases brought against Plaintiffs and will therefore sign and enter as the protective order in this case the proposed order contained at Resp., Ex. A [Doc. No. 67-1].

Further, Medmarc requests the court order McKinley to "generate a list setting forth every pain pump litigation with an indication of whether any particular action is subject to a protective order, and the scope of the protective order, so that Medmarc may produce documents sought by McKinley and DJO and not violate any existing order." Resp. at ¶ 23. McKinley has agreed to produce such a list to the extent this information is in McKinley's possession. Reply at ¶19. The court notes that this information necessarily <u>must</u> be in at least McKinley's constructive possession since it is a named defendant in the subject cases, irrespective of which attorney represents it. Therefore, the court will grant this request and it shall be the order of the court.

Wherefore, it is ORDERED

"Plaintiffs' Motion for Protective Order" [Doc. No. 62] is GRANTED in part and DENIED in part consistent with this Order. The proposed protective order attached to Medmarc's Response (Doc. No. 67-1) will be entered.

It is further ORDERED

---

[2] Plaintiffs, of course, can share their own confidential material with anyone of their choosing, including national counsel in the pain pump cases.

Plaintiffs shall, on or before February 13, 2012, generate and provide to Defendant a list setting forth every pain pump related litigation case against the Plaintiffs or Plaintiffs and DJO with an indication of whether any particular action is subject to a protective order, and the scope of the protective order.

It is further ORDERED

that the Motion Hearing set for February 14, 2012 is VACATED.

Dated this 6th day of February, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge