## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:11-cv-01218-CMA-KMT

MCKINLEY MEDICAL, LLC, a Colorado limited liability company; THE BROE
COMPANIES, INC., a Colorado corporation; and PAT BROE, individually,

Plaintiffs-Counterclaim Defendants,

v.

MEDMARC CASUALTY INSURANCE COMPANY, a Vermont company,

Defendant-Counterclaimants-Third-Party Plaintiffs,

v.

DJ ORTHOPEDICS, LLC, a Delaware limited liability company, and DJO, LLC, a Delaware
limited liability company

Third-Party Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

Because disclosures and discovery in this action involves or may involve the disclosure
of documents, material, and information potentially entitled to protection under Fed. R. Civ. Pro.
26(c), including but not limited to confidential and/or sealed information of the parties, and
pursuant to that rule,

IT IS HEREBY ORDERED THAT the following terms and conditions shall apply to all
documents, material, and information disclosed by the parties in the course of disclosures and
discovery in this action that any party may deem to be potentially entitled to protection under
Fed. R. Civ. Pro. 26(c):

1.    Definitions.

    (a)    "Confidential Material shall mean all documents, material, and
information entitled to protection under Fed. R. Civ. Pro. 26(c) and
designated pursuant to paragraph 2 hereof, including, but not limited to,
disclosures, disclosure documents, interrogatory answers, documents
produced during discovery by any party or third-party in this action,
whether produced voluntarily, in response to (i) an informal request; (ii) a

formal discovery request; (iii) an order of a court of competent
jurisdiction; (iv) deposition testimony; and (v) subpoena duces tecum, and
any portions of any pleadings or other court papers that quote from or
summarize any of the foregoing.

(b)     "Requesting Party" shall mean any party requesting documents or
information pursuant to Fed. R. Civ. Pro. 26, conducting a deposition
pursuant to Fed. R. Civ. Pro. 30 or 31, propounding interrogatories
pursuant to Fed. R. Civ. Pro. 33, requesting the production of documents
pursuant to Fed. R. Civ. Pro. 34, requesting admissions pursuant to Fed.
R. Civ. Pro. 36, or pursuant to a subpoena duces tecum served upon any
person or entity in this proceeding, and/or otherwise seeking discovery
herein.

(c)     "Producing Party" shall mean any person or entity on whom a discovery
request, in whatever form, has been propounded in this action.

2.      <u>Designation of Information Produced in Disclosures or Discovery as</u>
<u>"Confidential Material."</u> In producing documents pursuant to Fed. R. Civ. Pro. 26, or
responding to discovery propounded herein, any party may designate any document,
material, or information produced by it as "Confidential Material."  In the case of
documents, such designation shall be made by stamping the phrase "Confidential" on all
pages of any document so designated, in a conspicuous place. In the case of deposition
testimony, such designation shall be made by identifying on the record those portions of
the transcript designated as Confidential Material.  Machine readable media and other
non-documentary material shall be designated as Confidential Material by some suitable
and conspicuous means, given the form of the particular embodiment.  Inadvertent failure
to designate materials as "Confidential" at the time of production may be remedied at any
time thereafter by supplemental written notice.  The designation of material as
Confidential Material in the manner described hereunder, shall constitute a certification
by the attorney making such designation that he or she in good faith believes the material
to be entitled to protection under Fed. R. Civ. Pro. 26(c).

3.      <u>Confidentiality of Documents obtained through discovery of non-parties.</u>  Prior to
using, directly or indirectly, any documents, or information contained therein, that were
received or obtained pursuant to subpoena, authorization, or other legal process upon a third
party or non-party in possession or control of such documents, such documents shall be
presumed to be Confidential, and the Requesting Party shall forward a copy thereof to
counsel for all the other parties for their inspection and review.  Each such party shall have
the opportunity to mark such documents, or any of them, as "Confidential" within 20 days of
its receipt of the documents.

4.      <u>Non Disclosure of Confidential Material</u>

2

Except with the prior written consent of the party or other person originally designating material "Confidential" in this litigation, Confidential Material may not be disclosed to any person or entity except as set forth herein:

A.     Confidential documents may be disclosed only to the parties to this action; counsel of record for the parties in this action for declaratory relief, and no other action; to the partners, associates, secretaries, paralegals, assistants, and employees of such counsel of record to the extent reasonably necessary to render professional services in the litigation; to persons or entities that are clearly identified in the document as an author, addressee, or carbon-copy recipient; to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the court); and any other person mutually agreed upon by the parties.

B.     Subject to the provisions of Paragraph 4 (C), Confidential Material may also be disclosed to:

   i.     any person designated by the Court in the interest of justice, upon such terms as the Court may deem just and proper;

   ii.    persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify;

   iii.   outside consultants or experts retained for the purpose of assisting counsel in the litigation; and

   iv.    entities and employees of entities involved solely in one or more aspects of copying, organizing, filing, coding, converting, storing, or retrieving data.

C.     In all such cases where disclosure is to be made to any person or entity listed in Paragraph 4(B) (i) - (iv), such individual or entity must sign the Confidentiality Agreement annexed hereto as Exhibit A.  Any individual or entity listed in Paragraph 4(B) (i) - (iv) that refuses to sign Exhibit A shall not be permitted to have access to or view the Confidential Material.  The Attorney making or seeking to make the disclosure shall maintain each executed Confidentiality Agreements in his/her files

5.     <u>Challenges to Designation of Information Produced in Discovery as "Confidential Material."</u>  Any party desiring to challenge a designation of Confidential Material under this paragraph may do so by contacting counsel for the designating party in writing and attempting to resolve any dispute by mutual agreement within 30 days of production of the document or other material, or within 10 business days of the document or material's first use in a deposition or motion.  In the event that the parties cannot resolve their dispute as to such designation of allegedly confidential material, the Producing Party may

file a motion for a protective order regarding the information within 30 days after communication of the notice from the Requesting Party. If the Producing Party files such a motion, the Requesting Party shall continue to protect the information until the court rules on the Producing Party's motion. If the Producing Party fails to file a motion within 30 days of notice, the Requesting Party shall have no further obligation to preserve the confidentiality of the information.

6.      Treatment of Confidential Material. All documents, material, and information designated as Confidential Material under paragraph 2 shall be treated in accordance with the provisions of this Order until such designation has been released by the party making it or by order of the Court.  Confidential Material shall be treated as such indefinitely.

7.      Use of Confidential Material.

        A.      Any person who receives or is afforded access to any Confidential Material pursuant to the provisions of this Stipulated Protective Order shall neither use nor disclose said Confidential Material for any purpose other than the purposes of preparation for and conduct of this proceeding, and then solely as contemplated herein. Furthermore, such person shall take all reasonable precautions to maintain its confidentiality.

        B.      In the event that any person or entity referred to in paragraph 4 of this Order is served with legal process or otherwise requested to disclose any Confidential Material (the "Disclosing Entity") by any person or entity not covered by this Protective Order, including, without limitation, other insurance carriers, state, local or federal agencies, or litigants in other litigation (the "Requesting Entity"), the Disclosing Entity shall give notice thereof, by telephone and email, as soon as practicable but in any event sufficiently prior to the requested disclosure to afford an opportunity to intervene for any party who may be adversely affected by the disclosure.

8.      Use of "Confidential" Documents in a Deposition

        A.      A deponent may during the deposition be shown and examined about Confidential Material if the deponent is a party, the author or a named recipient of the document or if the applicable provisions of paragraphs 4(B) are complied with.  If the Confidential Material is presented as an exhibit to the deposition, it shall be filed and kept under seal.  Deponents shall not retain or copy any Confidential Material that is provided to them during the course of their deposition.

        B.      In the event that any question is asked at a deposition that requires the disclosure of Confidential Material, such question shall nonetheless be answered by the witness fully and completely.  At the request of the party designating discovery material as Confidential, all persons other than the witness, the parties, counsel for the parties, any other person designated in paragraph 4 above, and the court reporter shall leave the room during the time this information is disclosed or discussed. The attorney designating the information

4

as Confidential may also contemporaneously notify all other counsel on the record that the information disclosed will be designated as "Confidential" in accordance with Paragraph (8)(C) below.

C.     Parties (and deponents) may, within 21 days after receiving the official deposition transcript, designate pages of the transcript (and exhibits thereto) as "Confidential."  "Confidential" information within the deposition transcript may be designated by underlining the portions of the pages that contain "Confidential" information and marking such pages with the following legend: "CONFIDENTIAL." Until expiration of the 21-day period, the entire deposition will be treated as subject to the protection afforded to "Confidential" documents.  If a timely designation is made, the "Confidential" portions and exhibits shall be subject to the terms of this Protective Order and may only be accessed and reviewed in accordance with the terms contained in this Protective Order.

9.     Use of "Confidential" Documents at a Hearing or Trial

A.     Confidential Material may be offered in evidence at trial or any court hearing, provided that (1) such documents or other information shall be retained under seal by the Court or the trier of fact and be subject to the terms of this Protective Order; and (2) the proponent of the evidence gives five days advance notice, consisting of a statement that Confidential Material will be presented at the hearing or trial, to counsel for any party or other person that designated the material as "Confidential."  Any party may also move the Court for an order that the evidence be received in camera or under any other conditions to prevent unnecessary disclosure.  Nothing contained in this paragraph shall prohibit any party from moving the Court for any other order that the party may deem appropriate.

B.     With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that any questions or line of questioning calls for the disclosure of Confidential Material, counsel may designate on the record prior to such disclosure that such information is subject to the terms of this Protective Order.  Subject to further order of the Court, any presentation of Confidential Material to this Court or prior to trial shall be made in the presence of only the presiding officer and other court personnel, jurors, an authorized court reporter, counsel of record for the parties, the witness who will be questioned on such document(s) at any hearing or trial, and such other person to whom disclosure is permitted under the terms of this Order.  Prior to the disclosure of any Confidential Material, the presiding officer or Clerk of the Court shall advise all court personnel, jurors, witnesses and court reporters of the confidential nature of this information and of the duty to maintain the confidentiality of such information.

10.   Use of Confidential Material in Legal Documents

If any Confidential Material is filed with this Court, it shall be filed under seal and endorsed with the legend: "Confidential -- Filed Under Seal -- Not to be Opened Except by Authority of the Court", unless the producing party first waives this requirement.  If any information designated as "Confidential" is quoted, attached to, or substantially paraphrased in any pleading, motion, memorandum, appendix, or other judicial filing, then the pleading, motion, memorandum, appendix, or other judicial filing shall be submitted in its entirety under seal.  Disclosure of any portion of the transcript of a deposition which reflects or contains "Confidential" information or documents shall render the pleading, motion, memorandum, appendix or other judicial filing subject to the terms of this Protective Order and such document shall be filed under seal.  Nothing contained herein limits a producing party's use or disclosure of its own discovery material.

11.   Duty of Counsel. The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control duplication of, access to, and distribution of copies of "Confidential" documents.

12.   No Waiver

A.   Nothing herein shall in any respect constitute a waiver of any attorney-client or work product privilege of any party, nor does any provision herein affect the right of any party to contest any assertion or finding of confidentiality or privilege, and/or to appeal any adverse determination of the Court regarding said confidentiality or privilege.  Further, production of material by a Party, or its counsel, that another Party may claim is protected by the attorney-client privilege, or as work product, or is otherwise Confidential, shall not entitle the Non-Producing Party or Parties to assert any claim against the Producing Party or its Counsel.  The Non-Producing Party may assert its claim over the document in accordance with the terms of paragraph 5 above, and if the Producing Party or any other Party challenges such claim, the procedures in paragraph 5 shall govern.

B.   Review of Confidential Material by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

C.   The inadvertent, unintentional, or in camera disclosure of  Confidential Material or privileged documents shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality or privilege, as to the documents themselves, or as to any other documents or information not disclosed.  Nothing contained in this paragraph shall prevent a party from moving the Court for an order declaring that a disclosure was inadvertent or unintentional.

D.   The intentional disclosure of a confidential document in a manner in violation of or inconsistent with the terms of this Agreement shall be submitted to the Court for

6

consideration of appropriate sanctions.

        E.      Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the "Confidential" documents sought.

13.    <u>Modificatio</u>n. Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.  The terms may also be modified by an amendment signed by all parties hereto and submitted to the Court to be "So-Ordered".

14.    <u>Retained Jurisdiction</u>. The Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Order.

15.    <u>Termination of Action</u>. Within ninety (90) days of termination of this action, including all appeals, on written request of counsel for Producing Party, counsel for parties in possession of Confidential Material shall cause all such Confidential Material produced in this action by an opposing party, including copies, extracts and summaries, to be destroyed or returned to counsel for the Producing Party.  On written request, Counsel for the Requesting  Party shall certify to the Producing Party in writing that it has fulfilled the obligations imposed by this paragraph.

        Dated this 9th day of February, 2012.

                  **BY THE COURT:**

                  Kathleen M. Tafoya
                  United States Magistrate Judge

        [REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**EXHIBIT A**
**DECLARATION**

_____ declares under penalty of perjury:

1.       I have read the Protective Order in McKinley Medical LLC, et al. v. Medmarc Casualty Insurance Company v. DJ Orthopedics, LLC et al., Civil Action No. 1:11-cv-01218-CMA-KMT, a copy of which is attached to this Affidavit.

2.       I have been informed by _____ counsel for _____, that the information, documents, data studies, tangible things, writings and other matters being shown or provided to me that are marked as "Confidential", contain information that has been designated Confidential Material, as defined in the Stipulated Protective Order.

3.       I hereby represent that I have not divulged, and will not divulge, or undertake to divulge, any Confidential Material except as authorized in the Confidentiality Stipulation.  I further represent that I will not use any Confidential Material for any purposes other than in this action, and that, at the termination of the Litigation, I will return all Confidential Material with which I have been provided, including any and all copies, to the counsel from whom I received such Confidential Materials.

4.       I hereby agree to abide by the terms of the Stipulated Protective Order.

5.       For the purposes of enforcing the terms of the Stipulated Protective Order, I hereby submit to the jurisdiction of the court in the above-referenced civil action.

Dated: _____          _____

                                               Printed Name: _____
                                               Address: _____

                                               _____

                                               Telephone Number: _____

8