IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–01218–CMA–KMT

MCKINLEY MEDICAL, LLC, a Colorado limited liability company,
THE BROE COMPANIES, INC., a Colorado corporation, and
PAT BROE, individually,

    Plaintiffs,

v.

MEDMARC CASUALTY INSURANCE COMPANY, a Vermont company,

    Defendant.

MEDMARC CASUALTY INSURANCE COMPANY,

    Third-Party Plaintiff,

v.

DJ ORTHOPEDICS, LLC, DJO, LLC, a Delaware limited liability company,

    Third-Party Defendants.

---

## ORDER

---

This matter is before the court on "Plaintiffs' Motion for Reconsideration of a Portion of the Motion for Protective Order and in the Alternative an Extension Of Time to Produce Protective Orders"[1] [Doc. No. 80] ("Mot.") filed February 13, 2012. Plaintiffs seek

---

[1] The court directs Plaintiffs to D.C.COLO.LCivR 10.1(E). Format of Papers Presented for Filing, "E. Spacing. All papers shall be double-spaced," and directs Plaintiffs to comply

reconsideration and relief from compliance with their obligations pursuant to the Court's February 6, 2012 Order [Doc. No. 78], requiring that McKinley

> generate a list setting forth every pain pump litigation with an indication of whether any particular action is subject to a protective order, and the scope of the protective order, so that Medmarc may produce documents sought by McKinley and DJO and not violate any existing order.

*Id*. at 5.  McKinley argues that Medmarc Casualty Ins. Co. ("Medmarc"), insurance carrier for McKinley, retained the law firm of Harris Beach ("HB") to represent McKinley in the many pain pump cases filed nationwide (Mot. ¶ 5), that HB reported directly to Medmarc (*Id.* ¶ 6), and that when Medmarc declared coverage to be exhausted, HB withdrew from representation of McKinley.  (*Id.* at ¶ 8.)  McKinley advises that now HB it will charge both attorneys fees and costs to McKinley to produce the protective orders in the cases where it formerly represented McKinley at the behest of Medmarc.  (*Id.* ¶ 9.)  Therefore, McKinley argues that Medmarc is in the best position to reasonably and efficiently obtain copies of the protective orders in those cases in which HB formerly represented McKinley.[2]

Defendant/Third-Party Plaintiff Medmarc filed a Response on February 21, 2012 [Doc. No. 86] and Plaintiffs filed a Reply on February 27, 2012 [Doc. No. 89].

---

withe the filing requirements in the future.

[2] Gordon & Rees to took over the defense in many of those cases in which HB had been defending McKinley.  McKinley has agreed to obtain copies of the protective orders in those cases Gordon & Rees defended.  (Mot. at 9-10.)

While the court agrees with Plaintiffs that "[e]very order short of a final decree is subject to reopening" at the discretion of the trial court," *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983) and Fed. R. Civ. Pro. 54(b) (any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties may be revised at any time before the entry of a judgment), the court disagrees that Plaintiffs have shown entitlement to all of the relief sought.

In their Reply, McKinley states it has provided to Medmarc, "a more comprehensive and detailed listing of cases, jurisdictions, counsel, and case numbers" in response to the first part of the court's February 6, 2012 Order (Reply at ¶ 15), that "McKinley has attempted to contact counsel for a number of the pain pump plaintiffs in an attempt to obtain copies of any protective orders entered in those cases" and that McKinley "has begun searching PACER to locate protective orders entered in pain pump cases filed in Federal Court." (Reply at ¶ 11.) Obviously, as of the date of this Order it is likely McKinley has been able to largely comply with the court's original order.

Regardless of the control Medmarc exercised over HB as McKinley's legal counsel in the pain pump cases, it is nevertheless true that McKinley is and was at all times *the client* of HB as well as one of the defendants in the underlying litigation. It is incumbent upon McKinley, and only secondarily on Medmarc, to know each case in which they were sued and whether or not Protective Orders exist under which McKinley is bound and obligated. That obligation extends to Medmarc only through McKinley since Medmarc is not a party to the action. Therefore, the

court concludes that no reconsideration or modification of the court's previous order is warranted.

It is therefore **ORDERED**

"Plaintiffs' Motion for Reconsideration of a Portion of the Motion for Protective Order and in the Alternative an Extension Of Time to Produce Protective Orders" [Doc. No. 80] is GRANTED in part and DENIED in part.  Plaintiff s' request that McKinley produce only the list of cases involving pain pumps and that the protective orders in individual cases not be produced is DENIED.  Plaintiffs' request that it be granted additional time to indicate whether any particular action is subject to a protective order and to provide the scope of the protective order is GRANTED.  McKinley shall have until ten days from the date of this Order to complete its obligations pursuant to the February 6, 2012 Order.

It is further **ORDERED**

Medmarc shall complete any disclosure and discovery responses which were being withheld subject to determination of whether such may be protected under an Order in specific underlying paid pump litigation on or before May 14, 2012.

Dated this 2d day of April, 2012.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge